UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID HUNTER,

    Plaintiff,

v.

SUPERIOR COURT, et al.

    Defendants.

No. 2:18-cv-1752 EFB P

<u>ORDER AND FINDINGS AND RECOMMENDATIONS</u>

Plaintiff is a county prisoner proceeding without counsel in this action brought pursuant to 42 U.S.C. § 1983. He has submitted two motions for a preliminary injunction and an order to show cause (ECF Nos. 8 & 13) and two motions to proceed in forma pauperis (ECF No. 9 & 14). For the reasons stated hereafter, all of these motions must be denied. Plaintiff will be granted thirty-days to submit either a properly supported application to proceed in forma pauperis or the full filing fee.

<u>Motions to Proceed In Forma Pauperis</u>

Plaintiff does not dispute that both of his motions for IFP are incomplete insofar as neither contains a certification, signed by an officer of the institution at which he is incarcerated, of the balance of his trust account. ECF Nos. 8 & 14. Section 1915(a)(2) provides that "prisoner[s] seeking to bring a civil action . . . without prepayment of fees . . . in addition to filing the affidavit [required by § 1915(a)(1)] shall submit a certified copy of the trust fund statement" required to

support their IFP applications, and that they may do so by "obtain[ing] [them] from the appropriate official of [the] prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(1), (2). Instead, plaintiff alleges that officials at the Sacramento County Jail – where he is incarcerated – have refused to authorize the required certification. This alleged refusal forms the basis of the pending motions for preliminary injunction, which are discussed below. ECF Nos. 8 & 13. As the motions to proceed in forma pauperis are incomplete, they are denied without prejudice.

## Motions for Preliminary Injunction

The Supreme Court has held, however, that a claimant seeking a preliminary injunction must establish "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. NRDC*, 555 U.S. 7, 20 (2008). Neither of plaintiff's motions address these factors in any way. Both are difficult to read and, frankly, incoherent. For instance, the first motion begins by requesting that the court issue an injunction requiring unnamed prison officials to verify his account. ECF No. 8 at 1-2. It then references an incident which allegedly occurred on June 27, 2018 – after this suit was filed – wherein plaintiff was "tasered with [a] dart gun [for] an invalid [and] unjustified reason." *Id.* at 2. Plaintiff does not explain who was responsible for this incident or how it relates to the alleged refusal to complete his trust account certification. He also references other pending lawsuits and claims that "professional law show girls in Sacramento have plaintiff under 24 hours 7 days a week observation . . . ." *Id.* Plaintiff's second motion for preliminary injunction reads identically. ECF No. 13 at 1-2.[1] If plaintiff is somehow in need of an order requiring jail officials to produce the balance of his trust account because they have refused do so, plaintiff must specifically state what efforts he has made to obtain that information and what the jail staff have done in response. If appropriate, the court will then enter an order requiring a response by the jail.

---

[1] The declaration (ECF No. 13-1) and affidavit (ECF No. 13-2) attached to the second motion for preliminary injunction offer little in the way of context. The former relates to plaintiff's prescription medications. ECF No. 13-1 at 2-3. The latter deals with the logging of plaintiff's legal mail. ECF No. 13-2 at 1-2.

Plaintiff is also informed that the court has no authority to compel prison officials, who have not been named to this action or served as parties, to provide account statements. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) ("Personal jurisdiction, too, is an essential element of the jurisdiction of a district . . . court, without which the court is powerless to proceed to an adjudication.") (citation and internal quotation omitted); *see also Zepeda v. U.S. Immigration and Naturalization Serv.*, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."). Plaintiff has only brought this suit against an unspecified superior court and the Sacramento County Jail itself.

Based on the foregoing, the it is recommended that both of plaintiff's motions for preliminary injunction be denied.

### Conclusion

Plaintiff is granted an additional thirty days to provide a properly completed IFP application or the filing fee. If he finds it helpful, he may show this order to the official responsible for authorizing the release of inmate trust account statements.

Accordingly, it is ORDERED that:

1. Plaintiff's applications to proceed in forma pauperis (ECF Nos. 9 & 14) are DENIED without prejudice;

2. The Clerk of Court shall send plaintiff a form application for leave to proceed in forma pauperis with this order.

3. Plaintiff must submit either the completed IFP application or the full filing fee within thirty days of this order's entry.

4. Failure to comply with any part of this this order may result in dismissal of this action.

5. The Clerk of Court is directed to randomly assign a United States District Judge to this case.

/////

/////

Further, it is RECOMMENDED that plaintiff's motions for preliminary injunction (ECF Nos. 8 & 13) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 11, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE