UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID HUNTER,

    Plaintiff,

v.

SUPERIOR COURT, et al.,

    Defendants.

No. 2:18-cv-1752-JAM-EFB P

FINDINGS AND RECOMMENDATIONS

Plaintiff David Sampson Hunter is a county jail inmate proceeding without counsel in an action brought under 42 U.S.C. § 1983. The court previously denied his in forma pauperis application without prejudice because it was not accompanied by a certified trust account statement as required by 28 U.S.C. § 1915(a)(2). ECF No. 20. Plaintiff has since filed another application for leave to proceed in forma pauperis. ECF No. 23. As explained below, plaintiff is not eligible to proceed in forma pauperis, and his new application must be denied.

A prisoner may not proceed in forma pauperis:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Court records reflect that in 2008, plaintiff was designated a three-strikes litigant for purposes of § 1915(g). *See Hunter v. Imminent Danger Incidents*, No. 3:07-cv-3692-

MHP (Feb. 15, 2008, N.D. Cal.); *see also Hunter v. Paetzold*, No. 5:14-cv-3233-PSG (Dec. 4, 2014, N.D. Cal.); *Hunter v. Santa Rosa Sheriff's*, No. 5:14-cv-5389-PSG (May 19, 2015, N.D. Cal.). The section 1915(g) exception applies only if the complaint makes a plausible allegation that the prisoner faced "imminent danger of serious physical injury" at the time of filing. 28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007). Plaintiff's complaint makes no such showing. *See* ECF No. 1 (alleging that in retaliation for throwing fecal matter to protest missing items from his food tray, plaintiff's water was shut off for two days). Plaintiff's application for leave to proceed in forma pauperis must therefore be denied pursuant to § 1915(g). Plaintiff must submit the appropriate filing fee in order to proceed with this action.

Accordingly, because plaintiff has not paid the filing fee and is not eligible to proceed in forma pauperis, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 23) be denied; and

2. Plaintiff be ordered to pay the $400 filing fee within fourteen days from the date of any order adopting these findings and recommendations and be warned that failure to do so will result in the dismissal of this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 8, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE